MICHAEL WOLFSTEIN, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Larceny — what constitutes.*

One who receives from another money to which he knows he is not entitled, and which he knows has been paid to him by mistake, and conceals such over-payment, appropriating the money to his own use, with intent to cheat and defraud the owner thereof, is guilty of larceny.

WRIT of error to the Court of General Sessions for the city and county of New York, to review the conviction, of the plaintiff in error, of the crime of grand larceny.

*Charles W. Brooke*, for the plaintiff in error.

*Benjamin K. Phelps*, for the defendants in error.

WESTBROOK, J.:

The plaintiff in error having been convicted in the Court of General Sessions of the city and county of New York during the month of April, 1875, of the crime of grand larceny, has, by writ of error, brought the proceedings into this court for review.

By the evidence given upon the trial and the verdict of the jury, the following facts were established: The prisoner was the possessor

of a draft, dated February 15th, 1875, drawn payable to his order by one L. Boell, on Heidelbach, Frank & Co. for the sum of seventy-four dollars in gold. It was accepted by the parties upon whom it was drawn, on the 9th day of March, 1875, and made payable on demand at the German American Bank. On the day of its accept-ance it was presented by the accused at the bank for payment, and the paying teller, who was unable to read the French language in which it was written, and who read the figures upon the draft as $742, paid to the prisoner that sum of money in gold. The party to whom the money was paid, knowing that he was entitled to receive only seventy-four dollars, took the larger sum ($742) thus paid to him by mistake, and, without disclosing the error, concealed and denied the over-payment, and feloniously appropriated it to his own use.

The case then presents this question : If a party who receives from another money to which he knows he is not entitled, and which he knows has been paid to him by mistake, should conceal such over-payment and appropriate the money to his own use, intending thus to cheat and defraud the owner thereof, would he or not be guilty of the crime of larceny? If it be answered that he would not, can the element needed to make it such, and which is absent, be pointed out? The money, in excess of that which he is entitled to receive, is taken without the owner's consent, and that which is thus taken is appropriated to the taker's use with intent, fraudulently, to deprive the owner thereof. These two elements make the crime of theft, and they are both present here.

It will not do to say that the owner parts with the property voluntarily, and therefore there is no unlawful taking. There may be the physical act of the owner handing that which is his to another, but there is absent the intellectual and intelligent assent to the transfer, upon which the consent must necessarily depend. Where money or property is obtained from the owner by another upon some false pretense, for a temporary use only, with the intent to feloniously appropriate it permanently, the taking, though with the owner's consent, is larceny. Wherein do the cases differ? In both there is a physical delivery by the owner, and in both the taker knows that it was given for no such purpose as he has in mind, and yet he, unlawfully and wickedly, in both

cases, seeks to deprive the owner thereof. If the one case is larceny, the other is also.

So, too, the finder of property, if he knows the owner and conceals such finding, and appropriates it to his own use, with intent to deprive the owner thereof, is guilty of larceny. So in this case, if the prisoner found, on counting the money, that in his possession to which he knew he was not entitled, and which he also knew the owner did not intend to deliver to him, he was bound to return it to the owner, and if he did not, but concealed its possession and sought to deprive the owner thereof, the crime was complete.

From the evidence in this case, and the verdict rendered, we are bound to assume that the mistake was noticed and discovered by the prisoner at some time. If the over-payment was observed in the bank when the money was delivered, and the prisoner took it with the intent to cheat and defraud the owner, the crime was then complete. If, however, the error was not then noticed, but was afterward, and the intent of felonious appropriation was then formed and executed, the legal guilt of the prisoner was at that time incurred. As in the case of the finder of the lost article, the original taking may be lawful, but legal accountability as for crime begins when the owner is discovered and the intent formed unlawfully and feloniously to deprive him of the possession thereof.

The questions which the case involves, and the points to be found by the jury before a verdict of guilty could be rendered, were properly stated by the recorder, and the finding was well warranted by the testimony.

The request to charge, made by the counsel of the prisoner at folio eighty-two, was amended, and as amended was charged. There is no error here. The conviction of the prisoner is therefore affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Conviction affirmed.